2026 IL App (1st) 250747-U

No. 1-25-0747

Order filed July 16, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| CHAVA LANDAU, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 012063 |
| | ) | |
| EFS INVESTMENTS, LLC, PRIME QUEST | ) | Honorable |
| MANAGEMENT, LLC, and ELIYAHU STEFANSKY. | ) | Daniel J. Kubasiak, |
| | ) | Judge Presiding. |
| Defendants-Appellees. | ) | |

_____

JUSTICE LYLE delivered the judgment of the court.
Justices Ocasio and Quish concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm, in part, and reverse, in part, the circuit court's dismissal order and remand for further proceedings where the circuit court expressly reserved the plaintiff's right to maintain the refiled action following the plaintiff's voluntary dismissal.

¶ 2    In November 2020, Plaintiff Chava Landau brought suit against defendants EFS Investments, LLC (EFS), Prime Quest Management, LLC (Prime Quest), and Eliyahu Stefansky based on alleged defects in a house that she purchased from defendants. In count V of the

complaint, Ms. Landau alleged that defendants made misrepresentations on a "Real Property Disclosure Form" that they were required to provide to Ms. Landau pursuant to the Real Property Disclosure Act (Act) (765 ILCS 77/1 *et. seq.* (West 2022)). The circuit court granted defendants' motion to dismiss the complaint without prejudice, except for count V, which the court dismissed "with prejudice to the extent" count V was brought under the Act because the claim was time-barred by the Act's one-year statute of limitations. The court granted Ms. Landau leave to file an amended complaint.

¶ 3     After filing an amended complaint, including an amended count V, Ms. Landau filed a motion to voluntarily dismiss her cause of action pursuant to section 2-1009(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009(a) (West 2022)). The circuit court granted the motion, noting that Ms. Landau had leave to refile the cause within one year "and to maintain such refiled action" pursuant to section 13-217 of the Code. 735 ILCS 5/13-217 (West 2022).

¶ 4     Ms. Landau refiled the cause of action within the one-year limitation, raising the same claims as the original and amended complaints, including in count V: "Misrepresentation on Real Property Disclosure Form." The court granted defendants' motion to dismiss the cause based on *res judicata*, finding that Ms. Landau's claims were barred where there was an adjudication on the merits as to one of the counts in the complaint in the original action.

¶ 5     Ms. Landau now appeals, contending that the circuit court erred in dismissing her refiled complaint as barred by *res judicata*. She asserts that the court's order granting her voluntary dismissal of the cause of action expressly reserved her right to refile and maintain the refiled action. She further asserts that there was no ruling on the merits in the original case, therefore, *res judicata* cannot apply to bar the refiled action. For the reasons that follow, we affirm, in part, and we reverse, in part, and remand for further proceedings.

¶ 6                              I. BACKGROUND

¶ 7                         A. The Original Action

¶ 8     On November 12, 2020, Ms. Landau filed a complaint for breach of contract and other relief against defendants. Ms. Landau alleged that in 2017, she viewed a house for sale in Chicago, Illinois. Prime Quest was the builder and developer of the house. Stefansky was the manager of Prime Quest. EFS was the seller of the house. EFS provided Ms. Landau with a Residential Real Property Disclosure Report (Disclosure Report) pursuant to the Act wherein EFS represented, among other things, that it was not aware of any flooding or recurring leakage problems in the crawlspace or basement of the house.

¶ 9     When Ms. Landau visited the house, she discovered water in the basement. The project manager for the construction of the house represented that the downspout had been installed improperly, but it had been repaired and there would be no more water in the basement. Ms. Landau entered into a contract with EFS to purchase the house. The contract included a one-year warranty against water in the basement. Ms. Landau closed on the house in December 2017.

¶ 10    In May 2018, she discovered water in the basement in the same area she had observed water during her viewing of the house. She also discovered water leaking in a second location. Ms. Landau spoke to Mr. Stefansky who promised to cover all the costs of repairing the leakage. An employee of Prime Quest repaired some, but not all, of the damage. As a result, Ms. Landau hired independent contractors to diagnose and repair the leakage.

¶ 11    As relevant here, in count V of her complaint, Ms. Landau raised a claim for "Misrepresentation on Real Property Disclosure Form." Ms. Landau alleged:

    "Pursuant to the [Act], the vendor owes the duty to disclose material defects to a prospective buyer when any transfer of the type listed in the [Act] is contemplated.

Defendants misrepresented on the [Disclosure Report] that they were not aware of flooding or recurring leakage problems in the basement.

[Ms. Landau] relied upon the false statement in the [Disclosure Report] and purchased the home.

As a result of the misrepresentations by Defendants, [Ms. Landau] suffered damage to personal property, loss of use and repair costs in excess of 100,000.00."

Defendants moved to dismiss the complaint pursuant to section 2-619.1, contending, *inter alia*, that Ms. Landau's claims were time-barred pursuant to the one-year limitation period in the Act. 765 ILCS 77/60 (West 2020). In July 2021, the circuit court granted defendants' motion and dismissed Ms. Landau's complaint "without prejudice, except as to Count V, which is dismissed with prejudice to the extent that Count V is brought under the [Act], as such claim is time-barred." The court granted Ms. Landau leave to file an amended complaint.

¶ 12     Ms. Landau filed an amended complaint on August 19, 2021, that largely mirrored the allegations in the original complaint. In count V, Ms. Landau again raised a claim for "Misrepresentation on Real Property Disclosure Form" based on defendants' alleged misrepresentations on the Disclosure Report. Ms. Landau alleged:

"[Mr. Stefansky] executed a [Disclosure Report] which was delivered to [Ms. Landau] with the knowledge and intent that [Ms. Landau] rely upon the [Disclosure Report] in deciding to Purchase the House.

Mr. Stefansky misrepresented on the [Disclosure Report] that he was not aware of flooding or recurring leakage problems in the basement.

EFS, Prime Quest and Friedman[1] delivered the [Disclosure Report] to [Ms. Landau's] real estate agent, knowing that it would be relied upon by [Ms. Landau] and knowing it to be false.

[Ms. Landau] relied upon the false statement in the [Disclosure Report] and purchased the home.

As a result of the misrepresentations by Defendants, [Ms. Landau] suffered damage to personal property, loss of use and repair costs in excess of 100,000.00.

In addition, [Ms. Landau] has suffered extreme hardship, emotional distress and economic loss as a result of the defects."

¶ 13   In August 2023, Ms. Landau filed a motion to supplement document production, seeking to introduce contracts, invoices, and photographs for work performed at the home in 2023 to remedy the alleged defects. On September 26, 2023, the circuit court denied the motion.

¶ 14   On October 2, 2023, the circuit court granted Ms. Landau's motion to voluntarily dismiss the case pursuant to section 2-1009(a) of the Code. The court's written order stated that Ms. Landau had "the right to refile this cause within one year pursuant to" section 13-217 of the Code and "to maintain such refiled action."

¶ 15   Ms. Landau refiled her complaint on November 30, 2023. In count V of her refiled complaint, Ms. Landau alleged a claim for "Misrepresentation on Real Property Disclosure Form."

---

[1]Ms. Landau originally named Bentzie Friedman as a defendant, but all claims against Friedman were dismissed.

"Pursuant to the [Act], the vendor has an affirmative duty to disclose material defects to a prospective buyer when any transfer of the type listed in the [Act] is contemplated.

Defendants misrepresented on the 2017 [Disclosure Report] and to Ms. Landau that they were not aware of material defects related to flooding or recurring leakage problems in the basement and foundation of the House.

Ms. Landau detrimentally relied upon the false statement in the [Disclosure Report] and purchased the House.

As a result of the Defendants' misrepresentations, [Ms. Landau] suffered damage to personal property, loss of use and repair costs in excess of $181,000.00.

In addition, [Ms. Landau] has suffered extreme hardship, emotional distress and economic loss as a result of the defects."

Defendants moved to dismiss Ms. Landau's refiled complaint pursuant to section 2-619.1 of the Code, contending that it was barred by *res judicata*. Defendants maintained that pursuant to our supreme court's ruling in *Hudson v. City of Chicago*, 228 Ill. 2d 462, 473 (2008), a final adjudication of a claim in a previous litigation bars a party from refiling that claim or any other claim that could have been decided in the previous action. Defendants asserted that in the original litigation, the court entered a final adjudication as to count V when it dismissed the claim with prejudice as time-barred by the statute of limitations. Defendants continued that because there was an identity of claims and parties between the two causes of action, *res judicata* barred all Ms. Landau's claims in the refiled action.

¶ 16    The circuit court granted defendants' motion and dismissed the case with prejudice. The court relied on our supreme court's ruling in *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325 (1996)

in finding that the July 2021 order that dismissed count V with prejudice operated as an adjudication on the merits for purposes of *res judicata*. The circuit court noted that both complaints relied on the same facts, raised the same claims, and named the same defendants. The court concluded that none of the exceptions to "claim-splitting" applied in this case, noting, *inter alia*, that the July 2021 dismissal order "did not expressly reserve [Ms. Landau's] right to maintain this matter."

¶ 17                                    II. ANALYSIS

¶ 18    The sole issue before us on appeal is whether the circuit court properly dismissed Ms. Landau's refiled complaint as barred by *res judicata*. Ms. Landau asserts that the court erred in dismissing her refiled complaint because there was no final adjudication on the merits in the original action and because the court's July 2021 order granting her motion to voluntarily dismiss the action expressly reserved her right to refile and maintain the refiled action.

¶ 19                              A. Standard of Review

¶ 20    Here, the circuit court granted defendants' motion to dismiss pursuant to section 2-619 of the Code. 735 ILCS 5/2-619 (West 2022). Although defendants raised other issues in their motion to dismiss, the circuit court solely addressed the issue of *res judicata* and dismissed the complaint on that basis. We review a dismissal under section 2-619 and the determination of whether a claim is barred under the doctrine of *res judicata de novo*. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 43.

¶ 21                               B. *Res Judicata*

¶ 22    "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Rein*, 172 Ill. 2d at 334. The doctrine bars not only what was actually decided in the original action, but extends to matters which could have been decided in

that suit. *Id.* "Three requirements must be satisfied for *res judicata* to apply: (1) the rendition of a final judgment on the merits by a court of competent jurisdiction; (2) the existence of an identity of cause of action; and (3) identity of the parties or their privies." *Lutkauskas*, 2015 IL 117090, ¶ 44. In the context of a voluntary dismissal, a "plaintiff who splits his claims by voluntarily dismissing and refiling part of an action after a final judgment has been entered on another part of the case subjects himself to a *res judicata* defense." *Hudson*, 228 Ill. 2d at 473. In other words, "if there is an adjudication on the merits of one claim in a case, this determination will have *res judicata* effect on the filing of any other claims that could have been raised and determined in the first case." *Id.* at 478.

¶ 23                                   1. *Final Adjudication on the Merits*

¶ 24    Ms. Landau first contends that *res judicata* does not apply in this case because there was no "final judgment on the merits" in the first action. She asserts that the circuit court dismissed count V of her complaint only to the extent that it was brought pursuant to the Act. She maintains that count V was not brought pursuant to the Act, but was brought as a common law action for fraudulent misrepresentation.

¶ 25    The Act applies to any transfer, sale, or exchange of residential real property. 765 ILCS 77/10 (West 2022). Under sections 20 and 35 of the Act, the seller is required to provide a prospective buyer with a Disclosure Report to provide the prospective buyer with information about material defects in the residential real property before signing the contract. *Id.* §§ 20, 35. Under section 25, the seller is required to disclose only those material defects of which the seller has actual knowledge, and the seller is not liable for any error, inaccuracy, or omission of any information delivered pursuant to the Act if the seller had no knowledge of the error, inaccuracy, or omission, or if the seller reasonably believed that the material defect or other matter not

disclosed had been corrected. *Id.* § 25(a), (b). "A seller who knowingly violates or fails to perform any duty prescribed by any provision of this Act or who discloses any information on the Residential Real Property Disclosure Report that the seller knows to be false shall be liable in the amount of actual damages and court costs, and the court may award reasonable attorney's fees incurred by the prevailing party." *Id.* § 55. Section 60 of the Act provides for a one-year limitations period for actions brought based on violations of the Act. *Id.* § 60.

¶ 26    Thus, a claim under the Act based on false statements in the Disclosure Report would allege that the seller had a duty under the Act to provide a Disclosure Report with information about material defects in the property, that the seller failed to disclose to the prospective buyer a material defect of which the seller had actual knowledge, and that the buyer was entitled to actual damages and court costs. By contrast, the elements of common law fraudulent misrepresentation are:

> "(1) a false statement of material fact, (2) known or believed to be false by the person making it, (3) an intent to induce the plaintiff to act, (4) action by the plaintiff in justifiable reliance on the truth of the statement, and (5) damages caused by such reliance."
>
> *Greer v. Advanced Equities, Inc.*, 2012 IL App (1st) 112458, ¶ 5.

¶ 27    These distinctions in mind, we find Ms. Landau's argument that count V stated a claim for common law fraudulent misrepresentation rather than a claim based on the Act unpersuasive. Notably absent from Ms. Landau's complaint are allegations that defendants knew or believed the misrepresentations they made were false or that they intended to induce Ms. Landau to act.[2] In addition, Ms. Landau's assertions that count V referenced only the "disclosure statement" not the

---

[2] These allegations were included in the count V pled in the amended complaint, but were absent from both the original complaint that was the subject of the circuit court's dismissal order and from the refiled complaint.

Act, is clearly belied by the record. The original count V that was the subject of the court's dismissal order stated: "Pursuant to the [Act], the vendor owes the duty to disclose material defects to a prospective buyer when any transfer of the type listed in the [Act] is contemplated." Count V in the refiled complaint alleged: "Pursuant to the [Act], the vendor has an affirmative duty to disclose material defects to a prospective buyer when any transfer of the type listed in the [Act] is contemplated." Thus, both claims referenced the Act twice, not merely the Disclosure Report. Significantly, count V alleged that the duty that defendants breached was a duty based on the Act. It did not allege that defendants had a common law duty.

¶ 28    Ms. Landau correctly points out that section 45 of the Act provides that the Act is not "intended to limit remedies or modify any obligation to disclose created by any other statute or that may exist in common law in order to avoid fraud, misrepresentation, or deceit in the transaction." 765 ILCS 77/45 (West 2022). She relies on this section, and authority from this court interpreting that section, to assert that the Act does not prevent her from bringing common law claims based on misrepresentations made on the Disclosure Report. This is true. See *Blevins v. Marchesi*, 2018 IL App (2d) 170340, ¶¶ 20-24; *Rolando v. Pence*, 331 Ill. App. 3d 40, 45-46 (2002). However, that section does not operate to convert a claim brought pursuant to the Act into a common law tort claim. In fact, in count III of the complaint, Ms. Landau raised a claim for common law fraud based on misrepresentations made by defendants. That count incorporates and realleges the claim that EFS and Mr. Stefansky represented on the Disclosure Report that they were not aware of flooding or recurring leakage problems in the crawl space or basement. This is precisely the type of common law claim section 45 was intended to preserve. We therefore find that count V was brought pursuant to the Act and was subject to the one-year limitation period

therein, and the circuit court's dismissal with prejudice of the count based on the limitation period in the Act was a final adjudication on the merits as to that count.

¶ 29                              2. *Right to Refile and Maintain*

¶ 30    Having found that the circuit court properly dismissed with prejudice one claim in the original action, we must next address whether the circuit court properly dismissed the refiled action as barred by *res judicata*. Ordinarily, where a court grants a defendants' motion to dismiss a claim based on the applicable statute of limitations resulting in a final adjudication on the merits, the first requirement for *res judicata* is satisfied and the final judgment bars subsequent actions involving the same claims by the same parties. *Rein*, 172 Ill. 2d at 336. Although there was not an adjudication on the merits on the other counts in Ms. Landau's complaint, *res judicata* bars not only every claim that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit. *Id.* at 338. This rule prevents a plaintiff from impermissibly splitting claims. As the supreme court explained in *Hudson*: "If a plaintiff uses sections 2-1009 and 13-217 to voluntarily dismiss and refile a claim after another part of the cause of action has gone to final judgment in a previous case, that plaintiff will have engaged in claim-splitting." *Hudson*, 228 Ill. 2d at 482.

¶ 31    In *Rein*, however, the supreme court adopted the Restatement (Second) of Judgments § 26(1) (1980), which provides exceptions to the general rule against claim-splitting. *Rein*, 172 Ill. 2d at 341. As relevant here, the rule against claim-splitting will not apply to bar an independent claim of a part of the same cause of action if "the court in the first action expressly reserved the plaintiff's right to maintain the second action." *Id.* (citing Restatement (Second) of Judgments § 26(1) (1980)). Ms. Landau asserts this exception applies in this case where the circuit court stated in granting her motion to voluntarily dismiss her complaint that she had leave to refile the cause

within one year "and to maintain such refiled action" pursuant to section 13-217 of the Code. 735 ILCS 5/13-217 (West 2022).

¶ 32    We find this court's decisions in *Quintas v. Asset Management Group, Inc.*, 395 Ill. App. 3d 324 (2009) and *Green v. Northwest Community Hospital*, 401 Ill. App. 3d 152 (2010) instructive. In *Quintas*, the plaintiffs filed a three-count complaint against the defendants alleging negligence, breach of fiduciary duty, and violations of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2006)). *Quintas*, 395 Ill. App. 3d at 326. The circuit court partially granted the defendants' motion for summary judgment, and dismissed the counts for breach of fiduciary duty and violation of the Consumer Fraud and Deceptive Business Practices Act, but denied the motion as to the negligence count. *Id.* at 327. Thereafter, the plaintiffs filed a motion to voluntarily dismiss the cause of action without prejudice pursuant to section 2-1009 of the Code. *Id.* The court granted the motion in a written order. *Id.* The entry on the docket sheet for the date of the written order stated: " 'VOLUNTARY DISMISSAL W[ITH] LEAVE TO REFILE-ALLOWED.' " *Id.* The plaintiffs refiled the negligence claim and defendants moved to dismiss the claim as barred by *res judicata*. *Id.* at 327-28. The court granted the motion and entered summary judgment in favor of the defendants on the grounds of *res judicata*. *Id.* at 328.

¶ 33    On appeal, the parties agreed that all three elements for *res judicata* were present. *Id.* at 329. The plaintiffs contended, however, that two of the exceptions in section 26(1) of the Restatement (Second) of Judgments applied, including that the trial court expressly granted them leave to refile when they voluntarily dismissed the case. *Id.* at 330. This court agreed, finding that the docket sheet entry "clearly and unmistakably" granted the plaintiffs leave to refile. The court found that the exception applied and the refiled suit was not barred by *res judicata*.

¶ 34 Similarly, in *Green*, the plaintiffs filed a multi-count complaint against the defendant.[3] *Green*, 401 Ill. App. 3d at 152-53. The circuit court granted the defendant's motions for summary judgment on some, but not all the counts in the complaint. *Id.* at 153. Thereafter, the plaintiffs moved to voluntarily dismiss the case pursuant to section 2-1009. *Id.* The court granted the motion, providing in the written order that " '[t]he plaintiff is granted leave to voluntarily dismiss with leave to reinstate as a matter of right.' " *Id.* After the plaintiffs refiled their case, the circuit court granted the defendant's motion to dismiss the counts against them as barred by *res judicata*. *Id.*

¶ 35 As in *Quintas*, the plaintiffs in *Green* asserted on appeal that the circuit court's dismissal order explicitly granted them leave to reinstate their cause of action as a matter of right. *Id.* at 155. The appellate court rejected the defendant's assertion that "more specific" language was required in the dismissal order to overcome the bar of *res judicata*. *Id.* at 156. "However advisable it may be for the circuit court to include more specific language, the issue is whether the court in the first action expressly reserved the plaintiffs' right to maintain the second action. Here, following *Quintas*, the circuit court order expressly reserved the [plaintiffs'] right to refile. Thus, the trial court's voluntary dismissal order falls within the exception to the general rule against claim-splitting." *Id.*

¶ 36 Defendants here do not directly address *Quintas* or *Green* in their brief before this court, but rely on the language in *Hudson* and *Rein* that even where a circuit court grants the plaintiff the right to voluntarily dismiss and refile an action pursuant to sections 2-1009 and 13-217, those sections do not " 'automatically immunize a plaintiff against the bar of *res judicata* or other legitimate defenses a defendant may assert in response to the refiling of voluntarily dismissed

---

[3]The complaint in *Green* named two defendants, but only defendant Northwest Community Hospital is relevant to the issue on appeal.

counts.' " *Hudson*, 228 Ill. 2d at 482 (quoting *Rein*, 172 Ill. 2d at 342-43). Indeed, in *Trackman v. Michela*, 2019 IL App (2d) 190131, ¶ 5, the circuit court granted the plaintiff's motion to voluntarily dismiss, stating in its written order: "The Plaintiff is given leave to dismiss this lawsuit without prejudice and with leave to refile within the time provided by rule." On appeal, the second district rejected the plaintiff's contention that the right to refile language in the court's order allowing the voluntary dismissal was significant. *Id.* ¶ 46.

> "That is to be expected of an order allowing a voluntary dismissal. And, indeed, plaintiff had the right to file a new action, and he exercised it. However, the order nowhere deprived defendant of her right to raise the affirmative defense of *res judicata* against the new action. The right to file a new action meant just that and only that. It did not mean a right to be immunized against the perils of refiling." *Id.*

¶ 37    Admittedly, the holdings in *Quintas* and *Green* are difficult to reconcile with the holding in *Trackman*, which more closely adheres to the language in *Rein* and *Hudson* that the circuit court's recognition of the plaintiff's general right to refile does not immunize the plaintiff against the defense of *res judicata* in the subsequent action. The language in the circuit courts' orders in each of the three cases merely referenced the plaintiffs' rights to refile under section 13-217. We need not resolve the issue in this case, however, because the circuit court's order here did not merely recognize Ms. Landau's right to refile, but further reserved her right to "maintain" the refiled action. This closely tracks the language of the exception in section 26(1) of the Restatement (Second) of Judgments. § 26(1)(b) ("The court in the first action has expressly reserved the plaintiff's right to maintain the second action.") In such circumstances, the general rule against claim splitting "does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant." *Id.* Accordingly, we find

that the circuit court's dismissal order falls within one of the exceptions to the general rule against claim-splitting and *res judicata* does not bar the refiled action on the claims that have not already reached final judgment.

¶ 38                                     III. CONCLUSION

¶ 39    In sum, the circuit court did not err in dismissing Ms. Landau's claim for misrepresentation under the Act, which reached final judgment in the first action. However, the court erred in dismissing the other four claims in her complaint, which did not reach final judgment in the first action, because the voluntary dismissal order expressly reserved Ms. Landau's right to refile and maintain a second action. For these reasons, the judgment of the circuit court of Cook County is affirmed, in part, and reversed, in part, and the case is remanded for further proceedings consistent with this order.

¶ 40    Affirmed in part and reversed in part.

¶ 41    Cause remanded.